# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORRIS LEE, | ) | CASE NO. 1:02-cv-05037-LJO-GSA- PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN |
| v. | ) | CLAIMS AND DEFENDANTS |
| | ) | |
| E. ALAMEIDA, et al., | ) | (Doc. 36) |
| | ) | |
| | ) | OBJECTION DUE WITHIN THIRTY DAYS |
| Defendants. | ) | |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the March 23, 1010, second amended complaint.  The second amended complaint follows orders finding that the original complaint and first amended complaint stated a claim against certain defendants.

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF). Plaintiff names the following individual defendants: E. Alameida, former Director of the CDCR; Derral Adams, Warden at SATF; R. March, Chief Deputy Warden; William Duncan; Lieutenant Abbati-Harlow; Captain Mark Johnson; Sergeant T. Akin; Correctional Officers M. Ramirez; E. Hough; Garcia and M. White. The claims in the second amended complaint stem from two assaults

on Plaintiff by other inmates. The first occurred on July 5, 2000, and the second on July 10, 2000.

In the order granting Plaintiff leave to file a first amended complaint, the Court noted that the original complaint stated a claim for relief as to Defendant Johnson and Defendant Kellams for a violation of the Eighth Amendment.[1] Plaintiff was specifically advised that he failed to state a claim against the supervisory defendants, and that his claims for failure to train and retaliation also failed.

In the order screening the first amended complaint, Plaintiff largely re-stated the allegations of the original complaint. The Court specifically noted that "Plaintiff has stated a claim for relief against Defendant Garcia for excessive force, and Abbati-Harlow for deliberate indifference. Plaintiff failed to correct the identified deficiencies as to the remaining defendants. Plaintiff sought leave to file a second amended complaint, which was granted on February 3, 2010.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

---

[1] Plaintiff does not name Kellams as a defendant in the March 23, 2010, second amended complaint now before the Court.

2

grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Plaintiff's Claims

#### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must alleges facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. e.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that Defendants Hough, Garcia and White failed to protect Plaintiff, who was in protective custody. As a result, Plaintiff claims he suffered physical injury by inmates Pates and Fuller. Plaintiff has stated a claim for relief as to Defendants Hough, Garcia and White for failure to protect Plaintiff in violation of the Eighth Amendment.

#### B. Supervisory Defendants

As to Defendants Alameida, Adams, Duncan, March, Johnson, Abbati-Harlow, Akin and Ramirez, Plaintiff makes identical allegations. Plaintiff alleges that these defendants failed to ensure that their "agents/officers/employees" were properly trained to protect a protective custody inmate.

Plaintiff has been advised that he may not hold supervisory defendants liable on a theory of *respondeat superior*. Liability under section 1983 may not be based on *respondeat superior* but only on the supervisor's own wrongful acts or omissions. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 n.58 (1979). Supervisors can be held liable for: 1) their own culpable action or inaction

in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others. Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000). The supervisor's action or inaction must be "affirmatively linked" to the deprivation of Plaintiff's federal rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

Plaintiff may hold a supervisory defendant liable based on an unconstitutional policy if he alleges facts indicating that the defendant "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   In providing guidance to determine whether a particular course of action was taken pursuant to official policy, the Supreme Court has held that

> To be sure, 'official policy' often refers to formal rules or understandings - often but not always committed to writing - that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently over time.  That was the case in *Monell* itself, which involved a written rule requiring pregnant employees to take unpaid leaves of absence before such leaves were medically necessary.  However . . . If the decision to adopt that particular course of action is properly made by that government's authorized decision makers, it surely represents an act of official government 'policy' as that term is commonly understood.

Pembaur v. City of Cincinatti, 475 U.S. 469, 481 (1986).

The Court advised Plaintiff that in the original complaint and first amended complaint, he failed to allege facts indicating that the supervisory defendants personally participated in the deprivation at issue.  In the second amended compliant, Plaintiff has alleged no new facts as to the supervisory defendants.  Plaintiff seeks to hold the supervisory defendants liable based on his conclusory allegation that they acted pursuant to a policy.  Plaintiff fails to identify any particular policy. Plaintiff fails to allege any facts that affirmatively link the failure to protect Plaintiff to any decision by a policymaker to adopt that course of action.  Plaintiff has not alleged any facts indicating that the failure to train employees in a particular respect may amount to a policy or practice of failing to provide employees with adequate training.   Plaintiff may not simply list supervisory defendants and claim that he was injured because of policy or practice.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim. Plaintiff has failed to do as to the supervisory defendants. The supervisory defendants should therefore be dismissed.

### C.   Failure to Train

In the order granting Plaintiff leave to file a first amended complaint, he was advised that in City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. This Court finds no authority for the extension of City of Canton and its progeny to state prison officials being sued in their personal capacity. It appears to this Court, following a review of relevant case law, that the cases involving failure to train are limited to suits against city and county entities. This claim should therefore be dismissed.

### IV.   Conclusion and Recommendation

The Court finds that Plaintiff's second amended complaint states a claim for relief as to Defendants Hough, Garcia and White for failure to protect in violation of the Eighth Amendment. Plaintiff fails to state a claim against the supervisory defendants and fails to state a claim for failure to train. Plaintiff has amended twice, twice pursuant to orders of this Court, but has not cured the deficiencies previously identified by the Court. Accordingly, the Court recommends that further leave to amend not be granted, and tha this action be ordered to proceed only on those claims

5

identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). **Plaintiff is specifically cautioned that he may not further amend the complaint without leave of court.** Should Plaintiff file a third amended complaint, it will be stricken.

     For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed against on the March 23, 2010, second amended complaint against Defendants Hough, Garcia and White for failure to protect in violation of the Eighth Amendment.

2. Plaintiff's supervisory claims and failure to protect claims be dismissed with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

3. Defendants Alamedia, Adams, Duncan, March, Johnson, Abbati-Harlow, Akin and Ramirez be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 29, 2010**     /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE