# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | 1:02-cv-05037-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANT HOUGH EXTENSION OF TIME NUNC PRO TUNC TO FILE UNENUMERATED RULE 12(b) MOTION TO DISMISS |
| v. | |
| C/O HOUGH, et al., | (Doc. 69.) |
| Defendants. | THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO: |
| | 1) DEFENDANT WHITE'S MOTION TO DISMISS (Doc. 64), AND |
| | 2) DEFENDANT HOUGH'S MOTION TO DISMISS (Doc. 70) |

Norris Lee ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 8, 2002. (Doc. 1.)

**I.      EXTENSION OF TIME**

The Court's Discovery/Scheduling Order of December 14, 2010, established a deadline of February 14, 2011, for the parties to file unenumerated Rule 12(b) motions to dismiss. (Doc. 54.) On March 14, 2011, defendant Hough filed a motion to extend the deadline, in light of the fact that defendant Hough did not appear in this action until March 3, 2011, after the Court's deadline had expired. (Doc. 69.) On March 15, 2011, defendant Hough filed an unemumerated Rule 12(b)

motion to dismiss. (Doc. 70.) Good cause having been presented to the Court, defendant Hough shall be granted an extension of time nunc pro tunc to file an unenumerated Rule 12(b) motion to dismiss, and the motion to dismiss filed on March 15, 2011 shall be deemed timely.

## II.   ORDER FOR PLAINTIFF TO RESPOND

On February 14, 2011, defendant White filed a motion to dismiss this action, and on March 15, 2011, defendant Hough filed a motion to dismiss this action. (Docs. 64, 70.) Plaintiff was required to file oppositions or statements of non-opposition to the motions within twenty-one days of the date the motions were filed, but has not done so. Local Rule 230(l).

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..." The Court will deem any failure to oppose defendants' motions to dismiss as a waiver, and recommend that the motions be granted on that basis. Moreover, failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v.Warren, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a court may dismiss an action for plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Hough's motion for an extension of time to file an unenumerated Rule 12(b) motion to dismiss is GRANTED nunc pro tunc;
2. Defendant Hough's motion to dismiss, filed on March 15, 2011, is deemed timely;
3. Within thirty days of the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to:
    1) Defendant White's motion to dismiss, filed on February 14, 2011, and
    2) Defendant Hough's motion to dismiss, filed on March 15, 2011; and

///

4.     If Plaintiff fails to comply with this order, the Court will deem the failure to respond as a waiver, and recommend that the motions be granted on that basis.

IT IS SO ORDERED.

**Dated:   May 9, 2011**                         **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE