# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | 1:02-cv-05037-LJO-GSA-PC |
|        Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT AND PLAINTIFF'S MOTIONS TO SCHEDULE HEARING |
|    v. | |
| C/O HOUGH, et al., | |
|        Defendants. | (Docs. 50, 51, 56, 59, 63, 65, 75, 77.) |

**I.   BACKGROUND**

     Norris Lee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the Second Amended Complaint filed by Plaintiff on March 23, 2010, against defendants Correctional Officers M. Garcia[1], E. Hough, and M. White ("Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment.[2] (Doc. 36.) On November 8, 2010 and November 22, 2010, Plaintiff filed requests for entry of default against all of the Defendants. (Doc. 50, 51.) On December 13, 2010, defendant White filed an Answer to the Complaint. (Doc. 52.) On December 23, 2010, Plaintiff filed another request for

---

[1] Service by the U.S. Marshal upon defendant M. Garcia was unsuccessful, and defendant M. Garcia has not appeared in this action. (Doc. 84.)

[2] On August 26, 2010, all other claims and defendants were dismissed from this action by the Court, based on Plaintiff's failure to state a claim. (Doc. 45.)

1

entry of default against all of the Defendants. (Doc. 56.) On December 29, 2010, defendant White filed an opposition to Plaintiff's request for entry of default. (Doc. 57.) On January 18, 2011, Plaintiff filed a reply to the opposition. (Doc. 60.) On March 3, 2011, defendant Hough filed an Answer to the Complaint. (Doc. 66.) Plaintiff has also filed numerous motions for the Court to schedule a hearing to assess the amount of damages due to Plaintiff. (Docs. 59, 63, 65, 75, 77.) Defendants have opposed these motions. (Docs. 61, 72, 79, 81.) On May 9, 2011, the United States Marshal filed a return of service unexecuted as to defendant Garcia. (Doc. 84.)

Plaintiff's requests for entry of default and motions to schedule a hearing are now before the Court.

## II.     REQUEST FOR ENTRY OF DEFAULT

### A.     Legal Standard

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

### B.     Parties' Positions

Plaintiff argues that default should be entered against all of the Defendants because they were served with a summons and copy of the complaint, and they failed to file an answer within twenty-one days. Plaintiff asserts that the summons was served on Defendants on September 22, 2010; that the summons indicated that Defendants had 21 days to answer the Second Amended Complaint; and that Defendants failed to serve a copy of an answer or other defense within the 21-day deadline. Plaintiff argues that defendant White's answer filed on December 13, 2010 was filed after the 21-day deadline. Further, Plaintiff asserts that defendant White inappropriately sent Plaintiff discovery requests while the requests for default were pending.

In opposition, defendants White and Hough argue that default should not be entered against any of the Defendants, because defendants White and Hough have both filed Answers, and Plaintiff presents no evidence that defendant Garcia has been served or waived service.

Defendant White argues that default should not be entered against him based on Plaintiff's first request for entry of default, because the request was filed nearly a month before defendant White's Answer was due. Defendant White asserts that because he signed a Waiver of Service which was sent to him on October 5, 2010, his Answer was not due until December 4, 2010, but Plaintiff filed the first request for entry of default on November 8, 2010. (Docs 50, 58.) Further, defendant White asserts that his Counsel (Counsel for defendants White and Hough ("Counsel")) was unable to file a timely answer on his behalf, because Counsel was not timely informed that White had been served in this action. Defendant White presents evidence that on December 13, 2010, Counsel contacted the litigation coordinator at Corcoran State Prison ("CSP") and learned that defendant White had been served in this action and had completed a request for representation. (Declaration of Matthew Ross ("Ross Decl."), Doc. 72-1 at ¶3.) Counsel then filed a responsive pleading on behalf of defendant White that same day. (Id.)

Defendant Hough argues that default should not be entered against him because Counsel was unable to file a timely answer on his behalf. According to the Waiver of Service signed by defendant Hough, defendant Hough's answer was due on February 28, 2011. (Doc. 67.) On March 2, 2011, after receiving notice of Plaintiff's February 28, 2011 motion concerning default, Counsel contacted the litigation coordinator at CSP, and on March 3, 2011, Counsel learned that defendant Hough had been served, and that a Waiver of Service dated December 30, 2010 had been received by the litigation coordinator. (Ross Decl. at ¶¶4-6.) Counsel was informed that the case documents had been sent to the Attorney General's office on January 31, 2011. (Id. at ¶6.) However, the documents had not been forwarded to Counsel's office as of March 3, 2010. (Id.) Counsel immediately prepared and filed an answer on behalf of defendant Hough on March 3, 2010. (Id. at ¶7; see Court Doc. 66.)

With respect to defendant Garcia, Defendants argue [on March 5, 2011] that default should not be entered against him because Plaintiff has presented no evidence that defendant Garcia has

3

been served, and the court's docket [as of March 5, 2011] does not indicate that any Waiver of Service for Garcia has been returned to the court or that service upon Garcia was executed or unexecuted.

In reply, Plaintiff argues that default should be entered against all of the Defendants because they failed to file timely answers pursuant to the Federal Rules and inappropriately proceeded to serve discovery requests upon Plaintiff, trivializing his requests for entry of default.

**C.     Discussion**

  **1.     *Defendant Garcia***

Plaintiff's request for entry of default against defendant Garcia must be denied, because evidence shows that defendant Garcia has not been successfully served in this action. Service was mailed to Garcia by the United States Marshal on October 5, 2010. ( See Doc. 84.) The United States Marshal filed a return of service unexecuted as to defendant Garcia on May 9, 2011. (Id. at 1.) On November 2, 2010, the Marshal received notice from SATF (California Substance Abuse Treatment Facility) that service could not be accepted because defendant M. Garcia could not be identified. (Id. at 2.) Therefore, Plaintiff's request for entry of default against defendant Garcia must be denied.

  **2.     *Defendant White***

With regard to defendant White, the Court agrees with Defendants that Plaintiff's first request for entry of default was premature, and Plaintiff's second request was also premature. Plaintiff filed the first two requests on November 8, 2010 and November 22, 2010, (Docs. 50, 51), and evidence shows that defendant White's answer was not due until December 4, 2010. The United States Marshal mailed a Waiver of Service to defendant White on October 5, 2010, informing White that if he waived service, his "answer or motion under Rule 12" would be due "within 60 days after 10/5/2010." (Doc. 58 at 1.) Sixty days after October 5, 2010 is December 4, 2010. Defendant White signed the Waiver of Service on December 12, 2010. Id. Therefore White's Answer was not due until December 4, 2010, and Plaintiff's first two requests for entry of default, filed on November 8, 2010 and November 22, 2010, were premature and shall therefore be denied.

///

4

Plaintiff's requests for entry of default filed after December 4, 2010, were timely with respect to defendant White, but nonetheless Plaintiff is not entitled to entry of default. Defendant White has provided evidence that his Counsel attempted to timely defend this action by filing an Answer immediately upon notice that White had been served with process and had requested representation. Counsel was not informed until December 13, 2010, when he contacted the litigation coordinator at CSP, that defendant White's Answer was due. (Ross Decl. at ¶3.) Counsel promptly filed an Answer on behalf of defendant White on that same day. (Doc. 52.) Based on this record, the Court cannot find that defendant White failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against defendant White.

Plaintiff also argues that defendant White inappropriately sent him discovery requests on December 28, 2010, while the requests for entry of default were pending. (Doc. 60.) However, discovery in this action commenced on December 14, 2010, pursuant to the Court's scheduling order, and discovery was not stayed by the filing of Plaintiff's requests for entry of default. (Doc. 54.) Therefore, Defendants were permitted to send discovery requests to Plaintiff beginning on December 14, 2010.

### 3. *Defendant Hough*

The United States Marshal mailed a Waiver of Service to defendant Hough on December 30, 2010, informing Hough that if he waived service, his "answer or motion under Rule 12" would be due "within 60 days after 12/30/2010." (Doc. 67 at 1.) Sixty days after December 30, 2010 is February 28, 2011. Defendant Hough signed the Waiver of Service on March 3, 2011. Id. Therefore Hough's answer was due on or before February 28, 2011. Defendant Hough filed an Answer on March 3, 2011, three days after the deadline.

Defendant Hough has provided evidence that, due to a delay by the Attorney General's office in forwarding case information to his Counsel's office, Counsel was not timely informed that defendant Hough had been served in this action. Counsel filed an answer on behalf of defendant Hough immediately upon receipt of notice that Hough had been served. Based on this record, the Court cannot find that defendant Hough failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against defendant Hough.

### III. MOTIONS TO SCHEDULE HEARING

Plaintiff brings motions for the Court to schedule a hearing to assess the amount of damages due to Plaintiff upon default judgment against the Defendants. In light of the Court's finding that Plaintiff is not entitled to entry of default against any of the Defendants, Plaintiff's motions to schedule a hearing shall be denied.

### IV. CONCLUSION

Based on the foregoing, Plaintiff is not entitled to entry of default against any of the Defendants. Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for entry of default against Defendants are DENIED; and
2. Plaintiff's motions for the Court to schedule a hearing to assess Plaintiff's damages are DENIED.

IT IS SO ORDERED.

Dated: **July 13, 2011**          /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE