# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | 1:02-cv-05037-LJO-GSA-PC |
|     Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT WHITE'S MOTION TO DISMISS THE CLAIMS AGAINST HIM FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| C/O HOUGH, et al., | (Doc. 22.) |
|     Defendants. | |
| _____/ | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Norris Lee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, while Plaintiff was incarcerated there. Plaintiff filed the Complaint commencing this action on January 8, 2002. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on March 23, 2010, against defendants Correctional Officer ("C/O") M. White, C/O E. Hough, and C/O Guadalupe M. Garcia[1] for failure to protect Plaintiff in violation of the Eighth Amendment.[2] (Doc. 36.) On February 14, 2011,

---

[1] Service by the U.S. Marshal upon defendant M. Garcia was unsuccessful, and defendant M. Garcia has not appeared in this action. (Doc. 84.)

[2] On August 26, 2010, all other claims and defendants were dismissed from this action by the Court, based on Plaintiff's failure to state a claim. (Doc. 45.)

1

defendant White ("Defendant") filed a motion to dismiss the claims against him for failure to exhaust administrative remedies. (Doc. 64.) On March 10, 2011, Plaintiff filed an opposition to the motion. (Doc. 68.) On March 17, 2011, Defendant filed a reply to Plaintiff's opposition.[3] (Doc. 73.) Defendant's motion to dismiss is now before the Court.

## II. STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

///

---

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 21, 2002. Wyatt, 315 F.3d at 1120 n.14; Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 4.)

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff was a state prisoner at SATF at the time of the events at issue, and defendants were Correctional Officers employed at SATF. Plaintiff alleges as follows in the Second Amended Complaint.[4]

On July 5, 2000 and July 10, 2000, Plaintiff was brutally assaulted, on each occasion by two inmates. On July 10, 2000, two inmates attacked Plaintiff in the dining room during the morning meal in full view of Correctional Officers E. Hough, Guadalupe M. Garcia, and M. White. During the assault, Plaintiff suffered repeated blows (by kicks and fists) to his head, causing Plaintiff to lose consciousness twice during the attack. The two inmates who attacked Plaintiff on July 10, 2000 had stolen all of Plaintiff's property on July 7, 2000. Officers Hough, Garcia, and White failed to protect Plaintiff. As a result of the two assaults, Plaintiff suffers from constant severe recurring headaches, loss of concentration, lapses in memory, blurred vision, loss of vitality, diminished depth perception, and concussion. Plaintiff requests monetary, declaratory, and equitable relief.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

///

///

---

[4] This summary contains only the allegations in the Second Amended Complaint against defendants White, Hough, and Garcia, and the claims found cognizable by the Court, upon which this case now proceeds, along with background information.

### *Defendant White's Motion*

Defendant argues that Plaintiff's claims against him should be dismissed from this action because Plaintiff failed to exhaust his administrative remedies with regard to his claims against Defendant. Defendant submits evidence that Plaintiff only submitted one inmate appeal at SATF regarding the alleged altercations between Plaintiff and other inmates at SATF in July 2000, and that the appeal does not concern Plaintiff's allegations against Defendant White. (Declaration of Gomez ("Gomez Decl."), Doc. 64-3 at ¶¶3, 5, and Exhibit "A" to the Declaration.)

### *Plaintiff's Opposition*

In his verified opposition, Plaintiff first argues that Defendant White cannot proceed with a motion to dismiss until after the Court has resolved Plaintiff's motion for entry of default. This argument is moot, because Plaintiff's motion for entry of default was resolved by the Court's order entered on July 13, 2011. (Doc. 89.)

Second, Plaintiff declares that he filed an inmate appeal on form 602, with the assistance of a jail house lawyer, two days after the July 5, 2000 assault, addressing the assault, but the appeals coordinator failed to provide a log number for the appeal, and the appeal was not returned to Plaintiff. (Opp'n, Doc. 68 at 2:14-18.)

Third, Plaintiff declares that he filed an inmate appeal on form 602, with the assistance of a jail house lawyer, two days after the July 10, 2000 assault, addressing the assault, but the appeals coordinator failed to provide a log number for the appeal, and the appeal was not returned to Plaintiff. (Id. at 2:19-24.)

Finally, Plaintiff declares that on September 12, 2000, he filed a timely inmate appeal on form 602, concerning the decision made at his RVR hearing. (Id. at 2:25-28.)

### *Defendant's Reply*

Defendant replies that Plaintiff acknowledges in his opposition that the appeal filed in September 2000 concerned only Plaintiff's 115 disciplinary report, and not Plaintiff's allegations that Defendant White or other staff members failed to protect him. With respect to Plaintiff's claim that he submitted two inmate appeals in July 2000 regarding the alleged assaults, and that the appeals were not given a log number or returned to him, Defendant argues that Plaintiff has not provided

information about whether the appeals addressed the allegations that staff members failed to protect him. Defendant also notes that Plaintiff did not provide copies of the appeals as evidence. Lastly, Defendant asserts that an examination of Plaintiff's appeal records found no record of any such appeals having ever been submitted. (Gomez Decl at ¶5.)

### *Discussion*

Plaintiff's complaint against Defendant C/O White is based on the allegation that on July 10, 2000, Plaintiff was brutally assaulted by two inmates within full view of C/O White, and C/O White failed to protect Plaintiff, in violation of the Eighth Amendment. Defendant provides evidence that the SATF Appeals Office has records of only one inmate appeal filed by Plaintiff concerning the July 2000 assaults against Plaintiff alleged in the Complaint, and the appeal did not address Plaintiff's allegations that Defendant White, or any other staff members, failed to protect him. (See Gomez Decl.) Defendant submits a copy of the appeal, log number SATF 00-03550 filed on September 14, 2000, in which Plaintiff complains about the decision made at his 115 Rules Violation Report ("RVR") hearing on August 23, 2000, at which Plaintiff was found guilty of mutual combat for conduct occurring on July 10, 2000. (Exh. "A" to Gomez Decl., Doc. 64-3 at 5.)

The Court has reviewed appeal SATF-00-03550 and finds no mention of C/O White or the failure of any staff member to protect Plaintiff during the July 10, 2000 assault. The "Action Requested" by Plaintiff in appeal SATF-00-03550 is an investigation of his RVR hearing, exoneration of all charges, restoration of his position as M.A.C. Chairman, and compensation for time lost. Id. Plaintiff appealed SATF-00-03550 to the final Director's Level of review, where the appeal was denied. Id. at 5-11. Because appeal SATF-00-03550 does not address Plaintiff's allegations against Defendant White, the Court finds that appeal SATF-00-03550 did not exhaust Plaintiff's remedies with respect to Defendant White.

Plaintiff's argument that he exhausted the remedies available to him by submitting appeals on July 7, 2000 and July 12, 2000 is unpersuasive. Plaintiff declares that the July 7 appeal addresses the July 5 assault against him. This evidence is not relevant to Defendant White's present motion to dismiss, because Plaintiff only alleges that Defendant White failed to protect him during the July 10 assault, not the July 5 assault.

Plaintiff declares that the July 12 appeal addresses the July 10 assault against him. Plaintiff submits no documentary evidence in support of his declaration and relies only on his memory. Plaintiff does not sufficiently describe the content of the appeal to support his assertion that the appeal addressed Defendant White's failure to protect him on July 10, 2000. Plaintiff provides no declaration from his witness, the jail house lawyer who allegedly assisted him in filing the appeal. Nor does Plaintiff describe any efforts he made to follow up on the appeal when it was not returned to him with a response. Even taking Plaintiff's statements as true, without more evidence the Court cannot find that Plaintiff exhausted all of the remedies available to him. The Court reviewed Plaintiff's Second Amended Complaint but found no further evidence of exhaustion.[5]

Defendant White has presented evidence that the SATF Appeals Department has no record of Plaintiff submitting an appeal on July 12, 2000, concerning the July 10, 2000 assault. Plaintiff has not provided sufficient evidence to the contrary. Plaintiff has not provided evidence that he otherwise exhausted his remedies, or that he made a good faith effort to exhaust all of the remedies available to him through the appeals process at SATF. Therefore, Defendant White is entitled to dismissal of the claims against him in this action.

## IV. CONCLUSION AND RECOMMENDATION

Defendant White has met his burden of demonstrating that Plaintiff failed to exhaust his remedies with regard to Plaintiff's allegations against Defendant White prior to filing suit, in compliance with § 1997e(a). Defendant has shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning his allegations in the complaint against Defendant White in this action. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him. Therefore, the Court HEREBY RECOMMENDS that Defendant White's motion to dismiss, filed February 14,

///

---

[5] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Second Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified Second Amended Complaint and its accompanying exhibits.

6

2011, be GRANTED, and the claims against Defendant White in this action be DISMISSED, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 18, 2011**           /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE