1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8             EASTERN DISTRICT OF CALIFORNIA
9
10   NORRIS LEE,                                    1:02-cv-05037-LJO-GSA-PC
11                        Plaintiff,               ORDER TO SHOW CAUSE WHY
                                                    DEFENDANT GARCIA SHOULD NOT BE
12        v.                                        DISMISSED FROM THIS ACTION
13   C/O HOUGH, et al.,                             RESPONSE FROM PLAINTIFF DUE IN
                                                    THIRTY DAYS
14
                     Defendants.
15
                                        /
16

17        Norris Lee ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action

18   filed pursuant to 42 U.S.C. § 1983.   This action now proceeds with the Second Amended

19   Complaint filed by Plaintiff on March 23, 2010, against defendants Correctional Officers M.

20   Garcia, E. Hough, and M. White ("Defendants"), for failure to protect Plaintiff in violation of the

21   Eighth Amendment.[1]   (Doc. 36.)

22        On September 9, 2010, the Court forwarded documents to Plaintiff with instructions to

23   complete and return them to the Court for service of process on Defendants.  (Doc. 46.)  On

24   September 22, 2010, Plaintiff returned the completed documents, and the Court ordered the

25   United States Marshal ("Marshal") to initiate service of process upon Defendants.  (Docs. 47,

26   48.)

27   _____

28        [1]On August 26, 2010, all other claims and defendants were dismissed from this action by the Court, based
     on Plaintiff's failure to state a claim.  (Doc. 45.)

1

1      On December 13, 2010, defendant White filed an answer.  (Doc. 52.)  On March 3, 2011,

2   defendant Hough filed an answer.  (Doc. 66.)  On May 9, 2011, the Marshal filed a return of

3   service unexecuted as to defendant Garcia, together with a notice from the California Substance

4   Abuse Treatment Facility ("SATF") informing the Marshal that M. Garcia is not currently

5   employed at SATF and could not be identified.[2]  Plaintiff shall be ordered to show cause why

6   defendant Garcia should not be dismissed from this action for failure to successfully complete

7   service of process.  Within thirty days, Plaintiff shall file a written response with the Court

8   explaining why defendant Garcia should not be dismissed.  In the alternative, Plaintiff may file a

9   non-opposition to the dismissal of defendant Garcia.

10          Accordingly, IT IS HEREBY ORDERED that:

11      1.      Within thirty days from the date of service of this order, Plaintiff shall file a

12              written response showing cause why defendant Garcia should not be dismissed

13              from this action for failure to successfully complete service of process;

14      2.      In the alternative, Plaintiff may file a written non-opposition to the dismissal of

15              defendant Garcia; and

16      3.      Plaintiff's failure to comply with this order shall result in a recommendation that

17              this action be dismissed.

18

19   IT IS SO ORDERED.

20   Dated:    July 19, 2011                     /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27
        [2]The Litigation Coordinator from SATF informed the Marshal that M. Garcia was "not currently employed
28   at CSATF" and "could not be identified."  Doc. 84 at 2.)  "There were two possibilities; however neither person was
     working at CDCR until after 2003.  The complaint alleges the incident occurred in 2000."  Id.