IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | 1:02-cv-05037-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 90.) |
| C/O HOUGH, et al., | ORDER GRANTING DEFENDANT WHITE'S MOTION TO DISMISS |
| | (Doc. 64.) |
| Defendants. | ORDER DISMISSING DEFENDANT WHITE FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EXHAUST |
| _____/ | |

Norris Lee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 19, 2011, Findings and Recommendations were entered, recommending that defendant White's motion to dismiss, filed on February 14, 2011, be granted, and that defendant White be dismissed from this action based on Plaintiff's failure to exhaust remedies against him. (Doc. 90.) On August 3, 2011, Plaintiff filed objections to the Findings and Recommendations. (Doc. 97.)

///

1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
2  Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file,
3  including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported
4  by the record and proper analysis. Plaintiff objects on the ground that the Findings and
5  Recommendations are premature because Plaintiff's motion for summary judgment, filed on July 18,
6  2011, has not been resolved. Plaintiff also argues that the Court should resolve his motion for entry
7  of default judgment against defendant White at this stage of the proceedings. These arguments are
8  without merit. <u>See</u> <u>Perez v. Wisconsin Dep't of Corr.</u>, 182 F.3d 532, 534 (7th Cir. 1999) (vacating
9  judgment and remanding with instructions to dismiss for failure to exhaust in case where district
10 court granted summary judgment to defendants on the merits and did not rule on their pending
11 motion for dismissal based on failure to exhaust).

12   Plaintiff also requests the Court to reconsider his assertion that he filed a prison appeal on
13 July 12, 2000, addressing defendant White's failure to protect him during the July 10 assault, which
14 was not processed by the appeals coordinator. Even taking as true Plaintiff's assertion that he
15 submitted a prison appeal on July 12, 2000, Plaintiff has not provided credible evidence of the
16 content of the appeal. Plaintiff declares under penalty of perjury that the appeal addressed his claims
17 against defendant White, "detail[ing] Defendant White's inactions at protecting him." (Objections,
18 Doc. 97 at 2:21-22.) Plaintiff has not submitted a copy of the appeal itself. However, Plaintiff
19 submits declarations of three inmates which he claims to have submitted to the appeals coordinator
20 along with the appeal, arguing that "these eye witness accounts should be a strong indicator to the
21 Court of the inactions of the Defendant(s) and that Plaintiff was in fact victimized by their
22 inactions." (<u>Id.</u>, Declarations of Plaintiff, Robert K. Sole, Charles Rathbun, and Edward
23 Armendariz, Exh. B to Objections, Doc. 97 at 20-21.) The Court has reviewed the inmate
24 declarations and finds nothing addressing any staff member's failure to protect Plaintiff. In fact, all
25 three of the inmates indicate in their verified declarations that when the officers arrived at the scene
26 of the assault, they ordered Plaintiff and the other participants to stop the altercation and lie down on
27 the floor, which they proceeded to do. (<u>Id.</u>) Thus, Plaintiff's evidence does not support his assertion
28

2

1 that the July 12 appeal addressed defendant White's failure to protect him through inaction.
2 Therefore, Plaintiff has not shown that he exhausted his remedies with the July 12, 2000 prison
3 appeal, with regard to his claims against defendant White.
4      Plaintiff also argues that he submitted two more 602 appeals and several inmate requests for
5 interview forms, but he "did not receive any answers."  (Id. at 3:3-4.)  Even if Plaintiff's assertion is
6 taken as true, he has not submitted evidence of the content of the appeals or requests.  Therefore,
7 Plaintiff's argument fails.
8      Accordingly, THE COURT HEREBY ORDERS that:
9      1. The Findings and Recommendations issued by the Magistrate Judge on July 19, 2011, are
10 ADOPTED in full;
11      2. Defendant White's motion to dismiss, filed on February 14, 2011, is GRANTED;
12      3. Defendant White is DISMISSED from this action based on Plaintiff's failure to exhaust
13 administrative remedies against him; and
14      4. The Clerk of Court is DIRECTED to reflect the dismissal of defendant White from this
15 action on the Court's docket.
16 IT IS SO ORDERED.
17 **Dated:   August 24, 2011**            /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

3