1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   NORRIS LEE,                              1:02-cv-05037-LJO-GSA-PC

12            Plaintiff,                      FINDINGS AND RECOMMENDATIONS,
                                              RECOMMENDING THAT DEFENDANT
13        vs.                                 GARCIA BE DISMISSED FROM THIS
                                              ACTION FOR PLAINTIFF'S FAILURE TO
14   C/O HOUGH, et al.,                       EFFECT SERVICE

15            Defendants                      OBJECTIONS, IF ANY, DUE IN
                                              THIRTY DAYS
16   _____/

17   **I.      BACKGROUND**

18           Norris Lee ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42

19   U.S.C. § 1983.  Plaintiff filed this action on January 8, 2002.  (Doc. 1.)  This action now proceeds with

20   the Second Amended Complaint filed by Plaintiff on March 23, 2010, against defendants Correctional

21   Officers M. Garcia and E. Hough, for failure to protect Plaintiff in violation of the Eighth Amendment.[1]

22   (Doc. 36.)

23           On July 19, 2011, the Court issued an Order to Show Cause, directing Plaintiff to show cause

24   why defendant Garcia should not be dismissed from this action based on Plaintiff's failure to effect

25   _____

26           [1]On August 26, 2010, Plaintiff's supervisory claims and failure to train claims were dismissed from this action by
     the Court, based on Plaintiff's failure to state a claim, and defendants Alameida, Adams, Duncan, March, Johnson, Abbati-
27   Harlow, Akin, and Ramirez were dismissed based on Plaintiff's failure to state a claim against them.  (Doc. 45.)  On August
     24, 2011, defendant White was dismissed from this action via Defendants' motion to dismiss for failure to exhaust.  (Doc.
28   108.)  Thus, defendants Hough and Garcia are the only defendants remaining in this action.

                                                    1

1  service.  (Doc. 91.)  Plaintiff was informed by the Court that the United States Marshal ("Marshal") was

2  unable to complete service of process upon defendant Garcia at the address provided by Plaintiff.  Id.

3  On  August 11, 2011, Plaintiff filed a response to the Court's Order.  (Doc. 101.)

4  **II.      RULE 4 - SERVICE OF PROCESS**

5         Pursuant to Rule 4(m),

6         [i]f service of the summons and complaint is not made upon a defendant within 120 days
       after the filing of the complaint, the court, upon motion or on its own initiative after
7         notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or
       direct that service be effected within a specified time; provided that if the plaintiff shows
8         good cause for the failure, the court shall extend the time for service for an appropriate
       period.
9
Fed. R. Civ. P. 4(m).
10
       In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
11
Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se
12
plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons
13
and complaint and . . . should not be penalized by having his action dismissed for failure to effect service
14
where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d
15
1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated
16
on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the
17
information necessary to identify the defendant, the marshal's failure to effect service is 'automatically
18
good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th
19
Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
20
information to effect service of the summons and complaint, the Court's sua sponte dismissal of the
21
unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.
22
       In this case, Plaintiff paid the $350.00 filing fee for this action on January 8, 2002, and therefore
23
is not eligible to proceed in forma pauperis.  (Doc. 1.)  On February 21, 2002, the Court sent Plaintiff
24
documents and instructions to enable him to effect service on defendants.  (Doc. 3.)  On May 7, 2002,
25
Plaintiff requested the Court to direct the Marshal to assist him with service on defendants, and on
26
September 22, 2010, the Court directed the Marshal to serve process upon defendants M. Garcia, E.
27
Hough, and M. White.  (Docs. 5, 48.)   The Marshal was unable to locate defendant Garcia using the
28

1    address provided by Plaintiff. (Doc. 84.) The Litigation Coordinator at SATF notified the Marshal that

2    M. Garcia could not be identified as an employee working at the CDCR (California Department of

3    Corrections and Rehabilitation) during the time of Plaintiff's allegations in the complaint. Id. On July

4    19, 2011, the Court issued an order for Plaintiff to show cause why defendant Garcia should not be

5    dismissed from this action based on Plaintiff's failure to effect service. (Doc. 91.)

6          Plaintiff argues that defendant Garcia should not be dismissed from this action for failure to effect

7    service, because he served defendant Garcia with the proper documents in a timely fashion. Plaintiff

8    asserts that on April 29, 2002, Alisia D. Lee effected service upon defendant Garcia by certified mail.

9    Plaintiff submits Lee's Declaration of April 29, 2002, stating that she sent a copy of the complaint, a

10   summons, a Notice of Commencement of Action, and a Request for Waiver of Service to eleven of the

11   defendants in this action by certified mail on March 16, 2002. (Declaration of Alisia Lee, Doc. 101, Exh.

12   A.) Attached to the Declaration are copies of certified mail receipts, showing that mail addressed to

13   defendant Garcia at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California

14   was received by M. Parton on March 19, 2002. Id. Plaintiff argues that because M. Parton signed the

15   certified mail receipt and accepted delivery of the documents on behalf of defendant Garcia, service was

16   properly completed. Plaintiff also submits a copy of a letter to him from a Senior Legal Analyst at the

17   Attorney General's Office, dated April 17, 2001, returning "several service waivers and supporting

18   documentation" pertaining to this action to Plaintiff. (Id., Exh. B.) The Analyst stated in the letter that

19   service could not be accepted because it did not comply with Rule 4. Id.

20         Under Rule 4(e) of the Federal Rules of Civil Procedure, an individual defendant must be served

21   *by personal service* with a copy of the summons and complaint, unless the defendant waives service

22   pursuant to Rule 4(d). Fed. R. Civ. P. 4(d),(e) (emphasis added). Plaintiff has not submitted evidence

23   that defendant Garcia was personally served, or that defendant Garcia waived service. Plaintiff's evidence

24   only shows that service by certified mail was accepted by M. Parton on March 19, 2002, and that the

25   Attorney General's Office received service which they determined did not comply with Rule 4. There is

26   no evidence before the Court that defendant Garcia signed and returned a Waiver of Service, was served

27   with personal service, accepted service, or has appeared in this action.

28   ///

1   Plaintiff has not provided a current address, or other identifying information, to enable the

2   Marshal to locate defendant Garcia for service.   Therefore, it would be futile to direct the Marshal to

3   make another attempt to serve defendant Garcia.   Accordingly, defendant Garcia should be dismissed

4   from this action based on Plaintiff's failure to effect service.   Fed. R. Civ. P. 4(m).

5   **III.       CONCLUSION AND RECOMMENDATIONS**

6   Based on the foregoing, **IT IS HEREBY RECOMMENDED** that defendant M. Garcia be

7   DISMISSED from this action, pursuant to Rule 4(m), based on Plaintiff's failure to effect service of

8   process.

9   These Findings and Recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **thirty (30) days**

11   after being served with these Findings and Recommendations, Plaintiff may file written objections with

12   the Court.   The document should be captioned "Objections to Magistrate Judge's Findings and

13   Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive

14   the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16   IT IS SO ORDERED.

17   **Dated:   September 1, 2011**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

4