# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE,<br><br>              Plaintiff,<br><br>   v.<br><br>C/O HOUGH, et al.,<br><br>             Defendants.<br>                                     / | 1:02-cv-05037-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT HOUGH'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, DISMISSING THIS ACTION IN ITS ENTIRETY (Doc. 70.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.   BACKGROUND

Norris Lee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff filed the Complaint commencing this action on January 8, 2002. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on March 23, 2010, against defendant Correctional Officer ("C/O") E. Hough ("Defendant"), for failure to protect Plaintiff in violation of the Eighth Amendment.[1] (Doc. 36.) On March 15, 2011, Defendant filed a motion to dismiss the claims

---

[1] On August 26, 2010, the Court dismissed defendants Alameida, Adams, Duncan, March, Johnson, Abbati-Harlow, Akin, and Ramirez from this action based on Plaintiff's failure to state any claims against them under § 1983. (Doc. 45.) On August 24, 2011, the Court dismissed defendant White from this action by granting defendant White's motion to dismiss. (Doc. 108.) On October 6, 2011, the Court dismissed defendant Garcia from this action based on Plaintiff's failure to effect service against him. (Doc. 120.) Therefore, defendant Hough is the only defendant remaining in this action.

against him for failure to exhaust administrative remedies. (Doc. 70.) On July 20, 2011, Plaintiff filed an opposition to the motion. (Doc. 92.) On July 27, 2011, Defendant filed a reply to Plaintiff's opposition.[2] (Doc. 94.) Defendant's motion to dismiss is now before the Court.

## II.    STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///
///
///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 21, 2002. Wyatt, 315 F.3d at 1120 n.14; Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 4.)

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff was a state prisoner at SATF at the time of the events at issue, and defendant Hough was a Correctional Officer employed at SATF. Plaintiff alleges as follows in the Second Amended Complaint.[3]

On July 5, 2000 and July 10, 2000, Plaintiff was brutally assaulted, on each occasion by two inmates. On July 10, 2000, two inmates attacked Plaintiff in the dining room during the morning meal in full view of Correctional Officers including C/O E. Hough. During the assault, Plaintiff suffered repeated blows (by kicks and fists) to his head, causing Plaintiff to lose consciousness twice during the attack. The two inmates who attacked Plaintiff on July 10, 2000 had stolen all of Plaintiff's property on July 7, 2000. The Correctional Officers failed to protect Plaintiff, who was in protective custody. As a result of the two assaults, Plaintiff suffers from constant severe recurring headaches, loss of concentration, lapses in memory, blurred vision, loss of vitality, diminished depth perception, and concussion. Plaintiff requests monetary, declaratory, and equitable relief.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

///

///

---

[3] This summary contains the allegations in the Second Amended Complaint against defendant Hough, and the claims found cognizable by the Court, upon which this case now proceeds, along with background information.

3

*Defendant's Motion*

Defendant argues that Plaintiff's claims against him should be dismissed from this action because Plaintiff failed to exhaust his administrative remedies with regard to Plaintiff's claims against Defendant. Defendant submits evidence that Plaintiff only submitted one inmate appeal at SATF regarding the alleged July 2000 altercations between Plaintiff and other inmates at SATF, and the appeal does not concern Plaintiff's allegations that Defendant Hough failed to protect him. (Declaration of Gomez ("Gomez Decl."), Doc. 64-3 at ¶¶3- 5, and Exhibit "A" to the Declaration.) Instead, the appeal concerns Plaintiff's objections to the way the disciplinary hearing, which charged him with mutual combat during the July 2000 incidents, was conducted.

*Plaintiff's Opposition*

In his verified opposition, Plaintiff argues that he exhausted his administrative remedies with SATF appeal Log. No. 00-03550, filed on September 14, 2000. Plaintiff provides evidence that the appeal was decided at the Director's Level on August 8, 2001, which stated, "This decision exhausts the administrative remedy available to the appellant within CDC." Second Amended Complaint, Doc. 36, Exh. A.

*Defendant's Reply*

Defendant replies that Plaintiff's SATF appeal was submitted over two months after he was allegedly assaulted by other inmates, and the appeal did not concern Plaintiff's allegations against Defendant. Defendant argues that the SATF appeal did not exhaust Plaintiff's administrative remedies with regard to Plaintiff's claims that Defendant or any other staff member failed to protect him.

*Discussion*

Plaintiff's complaint against Defendant C/O Hough is based on the allegation that on July 10, 2000, Plaintiff was brutally assaulted by two inmates within full view of C/O Hough and other officers, and C/O Hough failed to protect Plaintiff, in violation of the Eighth Amendment. Defendant provides evidence that the SATF Appeals Office has records of only one inmate appeal filed by Plaintiff concerning the July 2000 assaults against Plaintiff alleged in the Complaint, and the appeal did not address Plaintiff's allegations that Defendant Hough or any other staff members

4

failed to protect him. (See Gomez Decl.) Defendant submits a copy of the appeal, log number SATF 00-03550 filed on September 14, 2000, in which Plaintiff complains about the decision made at his 115 Rules Violation Report ("RVR") hearing on August 23, 2000, at which Plaintiff was found guilty of mutual combat for conduct occurring on July 10, 2000. (Exh. "A" to Gomez Decl., Doc. 64-3 at 5.)

The Court has reviewed appeal SATF-00-03550 and finds no mention of C/O Hough or the failure of any staff member to protect Plaintiff during the July 10, 2000 assault. The "Action Requested" by Plaintiff in appeal SATF-00-03550 is an investigation of his RVR hearing, exoneration of all charges, restoration of his position as M.A.C. Chairman, and compensation for time lost. Id. Plaintiff appealed SATF-00-03550 to the final Director's Level of review, where the appeal was denied. Id. at 5-11. Because appeal SATF-00-03550 does not address Plaintiff's allegations against Defendant Hough, the Court finds that appeal SATF-00-03550 did not exhaust Plaintiff's remedies with respect to Defendant Hough.

The Court reviewed Plaintiff's Second Amended Complaint but found no further evidence of exhaustion.[4] Plaintiff has not provided evidence that he otherwise exhausted his remedies, or that he made a good faith effort to exhaust all of the remedies available to him through the appeals process at SATF. Therefore, Defendant Hough is entitled to dismissal of the claims against him in this action.

**IV.   CONCLUSION AND RECOMMENDATION**

Defendant Hough has met his burden of demonstrating that Plaintiff failed to exhaust his remedies with regard to Plaintiff's allegations against Defendant Hough prior to filing suit, in compliance with § 1997e(a). Defendant has shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning his allegations in the complaint against Defendant Hough in this action. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has

---

[4]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Second Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified Second Amended Complaint and its accompanying exhibits.

Plaintiff submitted evidence that he exhausted all of the remedies available to him.  Therefore, the Court HEREBY RECOMMENDS that Defendant Hough's motion to dismiss, filed March 15, 2011, be GRANTED, and the claims against Defendant Hough in this action be DISMISSED, based on Plaintiff's failure to exhaust, resulting in the dismissal of this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 11, 2012**                    /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE