# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | 1:02-cv-05037-LJO-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| C/O HOUGH, et al., | (Doc. 133.) |
| Defendants. | |

## I. BACKGROUND

Norris Lee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2012, this action was dismissed based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 131.) On March 19, 2012, Plaintiff filed a motion for relief from the judgment. (Doc. 133.) On March 22, 2012, Defendants filed an opposition to the motion. (Doc. 134.) On April 4, 2012, Plaintiff filed a reply to the opposition. (Doc. 135.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

1

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that this case should be reopened because he attempted to file an administrative appeal on July 7, 2000, addressing the allegations in his complaint of the July 5, 2000 assault against him, and prison officials refused to process the appeal. (Motion for Reconsideration, Doc. 133 at 2-4 and Exh. A.) Plaintiff submits copies of declarations of other inmates, which he previously filed in this action on August 3, 2011, in which the inmates declare that their administrative appeals were sometimes lost and not processed. (Id., Exh. B.)

In opposition, Defendants argue that the Court fully dealt with Plaintiff's assertion that prison officials refused to process his appeals, in the findings and recommendations entered on July 19, 2011, which were adopted by the District Judge on August 24, 2011. (Docs. 90, 108.) Defendants also argue that there is no evidence that Plaintiff ever submitted the July 7, 2000 administrative appeal to prison officials and furthermore, the appeal does not address the July 10, 2000 assault which was at issue when the Court dismissed Plaintiff's action on February 12, 2012.

**Discussion**

At the time Plaintiff's case was dismissed, only one defendant remained in the case, defendant C/O Hough, on Plaintiff's allegations that C/O Hough failed to protect him during an assault on July 10, 2000. In the order dismissing this action on February 12, 2012, the Court found that Plaintiff had not exhausted his remedies with respect to these allegations. Plaintiff fails to

present any new evidence that the Court's order was not properly decided. His argument that prison officials refused to process his administrative appeal is without merit, because the appeal is dated July 7, 2000, which is before the July 10, 2000 assault occurred. Plaintiff could not have written an appeal about an event that had not yet occurred. Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied, with prejudice. The Court shall not consider further motions for reconsideration in this action.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 19, 2012, is DENIED, with prejudice; and
2. No further motions for reconsideration, clarification, modification, or the like, shall be considered in this action.

IT IS SO ORDERED.

**Dated:  April 5, 2012**                     /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE